The opinion of the Oourt was delivered by
Johnson, J.
The general question, in what cases a plaintiff is entitled to recover interest, was ably argued and well considered in the case of Bulow v. Goakard, (a) decided at the last sitting of the Constitutional Court, in Charleston, and I must refer to the opinions delivered in that case for the general doctrine. On the principles decided in that case, the plaintiff is clearly entitled to recover interest, and, I think, upon the clearest principles of justice and policy. When the law reposes a confidence, it also imposes an obligation to discharge it with fidelity and' promptness ; and it is certainly reasonable and just, that an individual, who is injured by a neglect in the performance of this obligation, should be indemnified. And the interest on *money is the damages which the law has affixed to its detention. As to the time, at which the interest should commence, I have only to remark, that there can be no violation of the obligation of a sheriff to pay over money collected by *129 him, until it is withheld, and until it is demanded of him.[1] The evidence of that fact is wanting; for it certainly is not the duty of a sheriff to traverse the world in pursuit of an individual whose money he may have collected. But in this case there was no evidence of a demand, until the bringing of the action; and that this is a demand of the most imperious character, no one, I presume, will be disposed to deny.
A decision of this Court, said to have been made many years ago,[2] in an action brought on this identical bond, against Mayrant, another of Davis’ securities, has been relied on, in support of this motion. The only evidence of what that decision was, is a short note on the docket, in which an order was made, that a “ new trial should be granted, unless the plaintiff release the interest. I profess and feel the greatest veneration for the decisions of this Court, and will conform to them with the greatest cheerfulness, when it can be clearly ascertained what they are; but when they depend wholly upon memory, or such indistinct evidences are furnished as to leave it doubtful, they ought not to govern, when they are at variance with the soundest principles of justice and policy. But if that case was similar to the present, and interest was allowed from the time of the receipt of the money, it may be reconciled by applying that order to the interest which had accrued, before the commencement of the action. The motion must be dismissed.
Grlmke, Colocok, Cheves, and Gantt, JJ., concurred.

 On the subject of interest, see Goddard v. Bulow, ante, 45; and Mr. Jefferson’s letter to Mr. Hammond, 1 Am. State Pap. 306. R.
Note — See Commissioners Treasury v. Mayrant, 2 Brevard’s Reports, 228.

 Wright v. Hamilton, 2 Bail. 52.

 2 Brev. 228; See 3 Brev. 550; 2 Brev. 51.